IH-32                                                                                                      Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

**Full Caption of Later Filed Case:**

THE CITY OF NEW YORK,

| Plaintiff | Case Number |
|---|---|
| vs. | 18 cv 06474 |
| Jefferson B. Sessions III, in his official capacity as Attorney General of the United States of America, and the UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

STATES OF NEW YORK, CONNECTICUT, NEW JERSEY, VIRGINIA, and WASHINGTON and COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA

| Plaintiff | Case Number |
|---|---|
| vs. | 18 cv 06471 |
| U.S. DEPARTMENT OF JUSTICE and JEFFERSON B. SESSIONS, III, in his official capacity as Attorney General of the United States, | |
| Defendant | |

Case 1:18-cv-06474-ER   Document 9   Filed 07/19/18   Page 2 of 2

IH-32                                                   Rev: 2014-1

**Status of Earlier Filed Case:**

☐ Closed — (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open — (If so, set forth procedural status and summarize any court rulings.)

The Complaint was filed on July 18, 2018.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

The instant case, brought by the City of New York, is related to the State of New York case under Local Rule 13 because each of the four factors identified favor a finding of relatedness.

First, both cases involve the exact same defendants and challenge the same course of conduct: the decision by the Attorney General of the United States and the United States Department of Justice to impose new and unlawful conditions on congressionally approved funding for the Edward Byrne Memorial Justice Assistance Grant Program ("JAG Program"). Both complaints assert that this decision has no statutory basis, is contrary to the Constitution's Separation of Powers, violates the Tenth Amendment and is arbitrary and capricious in violation of the Administrative Procedures Act.

Second, both cases have considerable factual overlap, particularly because they challenge the same government action. Five of the six counts in the NYC case are the same as those pled by plaintiffs in State of New York. Plaintiffs in the two actions also have alleged similar and overlapping injuries as a result of the challenged decision.

Third, given the overlapping claims, failure to relate these cases risks the potential for inconsistent decisions on identical or similar issues such as motions to dismiss for lack of jurisdiction and other issues of justiciability, as well as the scope of discovery.

Fourth, without a determination of relatedness, there will be substantial duplication of effort and expense for the parties, witnesses, and the Court. Both complaints challenge the same decision-making process by the same defendants. Relating the cases would therefore reduce the burden upon defendants in defending two very similar cases in the same jurisdiction. Moreover, the plaintiffs in both cases would likely seek the same or highly overlapping discovery from defendants of both documents and witnesses, many of whom are government employees. Consolidation would thus permit the coordination of discovery and reduce the burden on defendants and the Court.

For the foregoing reasons, a finding of relatedness is appropriate at this early stage in the cases.

Signature: _/s/_                                 Date: **July 19, 2018**

Firm: New York City Law Department
100 Church Street
New York, NY 10007