UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATES OF NEW YORK, CONNECTICUT, NEW JERSEY, RHODE ISLAND and WASHINGTON, and COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE; and JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States,<br><br>Defendants. | No. 18-cv-6471 (ER) |
| CITY OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, in his official capacity as Attorney General of the United States of America, and the UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendants. | No. 18-cv-6474 (ER) |

## DECLARATION OF CANDICE CHO

I, Candice Cho, declare as follows:

1. I am Deputy Chief of Staff of the New York City Law Department ("Law Department"). I make this declaration in support of the City of New York's motion for partial summary judgment. This affidavit is based on personal knowledge and on the books and records

of the City.

2. The Law Department, headed by Corporation Counsel Zachary W. Carter, chief legal officer of the City of New York, is one of the oldest and largest law offices in the country. It represents the City, the Mayor, other elected officials, and City agencies in affirmative and defensive civil litigation, juvenile delinquency proceedings brought in New York State Family Court, and New York City Administrative Code ("Administrative Code") enforcement proceedings brought in New York State Criminal Court; drafts and reviews local and state legislation, real estate leases, procurement contracts, and financial instruments for the sale of municipal bonds; and provides legal counsel to City officials and agencies on a wide range of issues, including those related to immigration.

3. I have served as Deputy Chief of Staff and Senior Counsel at the Law Department since June 2017. I previously served as an Assistant Corporation Counsel in the Legal Counsel Division of the Law Department from September 2012 to May 2017. In these roles, I have become familiar with the City's various laws and policies concerning the way the New York City Department of Correction ("DOC") and the New York City Police Department ("NYPD") interact with Immigration and Customs Enforcement ("ICE") and the federal government generally.

4. The City of New York ("City") is a municipal corporation organized pursuant to the laws of the State of New York. The City is a political subdivision of the State and derives its powers through the New York State Constitution, New York State laws, and the New York City Charter.

### Requests for Detention and Advance Notice of Release

5. The City has a policy of cooperating with requests from ICE for detention and advance notice of release of persons in City custody, where the City considers the person to be a risk to public safety, as defined below, and the request is accompanied by the appropriate documentation establishing probable cause. This policy is calibrated to advance public safety, foster community trust in local law enforcement, safeguard individuals' civil rights, and protect

the City's finances.

6. A civil immigration detainer is a written request from ICE to a state or local law enforcement agency asking the agency to retain custody of a person beyond the time the person would otherwise be released, so that ICE can assume custody of the person.

7. Local Laws 58 and 59 of 2014 generally provide that DOC and NYPD may detain an individual pursuant to a civil immigration detainer where ICE presents a judicial warrant establishing probable cause and the individual has been convicted of a violent or serious crime within a specified period of time or is identified as a possible match in the terrorist screening database. N.Y.C. Admin. Code §§ 9-131(b), 14-154(b)(1). A copy of these laws is attached hereto as Exhibit A.

8. NYPD may additionally detain an individual without a judicial warrant pursuant to a civil immigration detainer only if the individual has been convicted of a violent or serious crime and illegally re-entered the country after a previous removal or return, or is identified as a possible match in the terrorist screening database. N.Y.C. Admin. Code § 14-154(b)(2). This exception is intended to give ICE time to obtain a judicial warrant in these limited but serious circumstances.

9. A violent or serious crime is defined as one of approximately 170 felonies defined in New York State law, or their equivalents under federal law or the law of another state. *See* N.Y.C. Admin. Code §§ 9-131(a), 14-154(a).

10. The City also has a policy of cooperating with ICE's requests for advance notice regarding the date and time of a person's release and for transfer of custody of the person to ICE without additional detention, when certain conditions are met.

11. Specifically, DOC and NYPD may provide ICE with, where practicable, the release date, time, and location for a person who has been convicted of a violent or serious crime within a specified period of time or is identified as a possible match in the terrorist screening database and where ICE's request is accompanied by an administrative warrant. *See* N.Y.C. Admin. Code § 9-131(h)(1). If the release date and time are not known, NYPD may provide ICE

with whatever information it has about where the person in custody is going next, such as arraignment.

12. A violent or serious crime is one of approximately 170 felonies defined in New York State law, or their equivalents under federal law or the law of another state. *See* N.Y.C. Admin. Code §§ 9-131(a), 14-154(a).

13. In addition to complying with these requests, DOC voluntarily shares certain information with ICE related to persons entering its custody, when certain conditions are met. ICE may use this information to conduct further investigation for purposes of issuing requests for detention and advance notice of release.

14. Specifically, DOC conducts a screen of newly admitted inmates to identify individuals who report a foreign place of birth, answer no to the question of U.S. citizenship, and have been convicted of a violent or serious crime within a specified period of time or identified as a possible match in the terrorist screening database.

15. A violent or serious crime is one of approximately 170 felonies defined in New York State law, or their equivalents under federal law or the law of another state. *See* N.Y.C. Admin. Code §§ 9-131(a).

16. DOC shares with ICE on a daily basis a list of inmates, if any, who meet all three criteria. Based on this information, ICE may conduct an investigation and issue a request for detention or advance notice of release, which DOC may honor consistent with the laws and policies described above requiring a judicial or administrative warrant establishing probable cause.

## Access to Inmates

17. DOC also permits ICE to interview inmates in DOC custody who provide voluntary written consent.

18. When ICE requests to interview a person in DOC custody, DOC provides the inmate with a written notice and form stating that ICE would like to conduct an interview. The inmate may either consent or decline to be interviewed.

## Other Relevant City Laws and Policies

19. Local Laws 245 and 247 of 2017 set forth a uniform, City-wide approach to the collection, disclosure, and retention of "identifying information," which is defined as any information that "may be used on its own or with other information to identify or locate an individual." *See* N.Y.C. Charter § 8(h); N.Y.C. Admin. Code §§ 23-1201 – 23-1205.

20. These laws prohibit City agencies, including DOC and NYPD, from disclosing identifying information to third parties, except under enumerated circumstances, including where the disclosure has been designated in advance as routine by the agency's privacy officer and, in NYPD's case, where the disclosure is in connection with an investigation of a crime that has been committed or credible information about an attempted or impending crime. *See* N.Y.C. Admin. Code §§ 23-1201, 23-1202(c)(2).

21. Agency privacy officers at DOC and NYPD have approved in advance as routine the disclosures permitted under the foregoing laws and policies.

22. Under Local Law 246 of 2017, the City generally limits access to non-public areas of City property by government personnel empowered to enforce civil or criminal laws, including but not limited to federal immigration authorities. N.Y.C. Admin. Code § 4-210. A copy of this law is attached hereto as Exhibit B.

23. These personnel may gain access to non-public areas of City property where: such personnel are authorized to have access pursuant to an agreement or contract; such personnel present a judicial warrant; access is otherwise required by law; such personnel are accessing the property as part of a cooperative arrangement involving City, state, or federal agencies; access furthers the purpose or mission of a City agency; or exigent circumstances exist. *Id.* § 4-210(b).

24. The local law permits ICE to interview an inmate who provides voluntary written consent, consistent with the foregoing policy of DOC, in a non-public area.

25. Local Law 228 of 2017 prohibits the use of City resources for federal immigration enforcement. N.Y.C. Admin. Code § 10-178(c). A copy of this law is attached hereto as Exhibit C. An exception to this law allows DOC and NYPD to comply with the foregoing City laws and

policies. N.Y.C. Admin. Code § 10-178(e).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the State of New York and the United States that the foregoing is true and correct.

_8-16-18_     _Candice Cho_
Date          Candice Cho