# Exhibit B



**U.S. Department of Justice**

Office of Justice Programs

*Washington, D.C. 20531*

October 11, 2017

Elizabeth Glazer
Director
New York City Mayor's Office of Criminal Justice
1 Centre Street, Room 1012N
New York, NY  10007-1602

Dear Ms. Glazer,

    Your FY 2016 Byrne JAG grant award required you to comply with 8 U.S.C. § 1373; to undertake a review to validate your jurisdiction's compliance with 8 U.S.C. § 1373; and to submit documentation, including an official legal opinion from counsel, adequately supporting the validation.  Thank you for your recent submission. The Department of Justice has reviewed your submission, all attached documentation, and your jurisdiction's laws, policies, and practices relating to compliance with section 1373, to the extent they were provided or are readily available.

    This letter is to inform you that, based on a preliminary review, the Department has determined that your jurisdiction appears to have laws, policies, or practices that violate 8 U.S.C. § 1373.  These laws, policies, or practices include, but may not be limited to:

- Executive Order No. 41. Section 4 of the Executive Order states that police officers "shall not inquire about a person's immigration status unless investigating illegal activity other than mere status as an undocumented alien."  Under 8 U.S.C. § 1373(b)(1), however, New York may not "in any way restrict" the "requesting" of "information regarding . . . immigration status" from federal immigration officers.  On its face, the Department has determined that the Executive Order appears to bar New York officers from requesting information regarding immigration status from federal immigration officers.  In order to comply with 8 U.S.C. § 1373, the Department has determined that New York would need to certify that it interprets and applies this section to not restrict New York officers and employees from requesting information regarding immigration status from federal immigration officers.  The Department has also determined that New York would need to certify that it has communicated this interpretation to its officers and employees.  If New York cannot provide this certification, the Department has determined that this provision violates section 1373(b).

- Executive Order No. 41. Section 2 of the Executive Order states that New York officers and employees "shall [not] disclose confidential information," which is defined to include "immigration status."  Section 2(b) and (e) contain a few exceptions, including when "disclosure is required by law."  In order to comply with 8 U.S.C. § 1373, the Department has determined that New York would need to certify that it interprets and applies this Order to not restrict New York officers and employees from sharing information regarding immigration status with federal immigration officers.  The Department has also determined that New York would need to certify that it has communicated this interpretation to its officers and employees.  If New York cannot provide this certification, the Department has determined that this provision violates section 1373(a).

- New York Administrative Code § 9-131.  Section 9-131(b) states that New York City Department of Corrections may not "honor a civil immigration detainer . . . by notifying federal immigration authorities of [a] person's release," except in certain limited circumstances.[1]  Section 9-131(d) states that this law shall not be construed to "prohibit any city agency from cooperating with federal immigration authorities when required under federal law."  It also states that this law shall not be construed to "create any . . . duty or obligation in conflict with any federal . . . law."  In order to comply with 8 U.S.C. § 1373, the Department has determined that New York would need to certify that it interprets and applies Section 9-131(b) and (d) to not restrict New York officers from sharing information regarding immigration status with federal immigration officers, including information regarding the date and time of an alien's release from custody.  The Department has also determined that New York would need to certify that it has communicated this interpretation to its officers and employees.  If New York cannot provide this certification, the Department has determined that this provision violates section 1373(a).

- New York Administrative Code § 9-131.  Section 9-131(h)(1) states that New York City Department of Corrections personnel shall not "expend time while on duty or department resources . . . in response to federal immigration inquiries or in communicating with federal immigration authorities regarding any person's incarceration status, release dates, court appearance dates, or any other information related to persons in the department's custody, other than information related to a person's citizenship or immigration status," except where certain exceptions apply.  As discussed above, section 9-131(d) states that this law shall not be construed to "prohibit any city agency from cooperating with federal immigration authorities when required under federal law."  It also states that this law

---

[1] An ICE detainer form ordinarily requests that a jurisdiction (1) provide advance notice of the alien's release; and (2) maintain custody of the alien for up to 48 hours beyond the scheduled time of release.  The Department is not relying on New York's restriction of the latter form of cooperation in this preliminary assessment.

shall not be construed to "create any . . . duty or obligation in conflict with any federal . . . law." In order to comply with 8 U.S.C. § 1373, the Department has determined that New York would need to certify that it interprets and applies Section 9-131(h) and (d) to not restrict New York officers from sharing information regarding immigration status with federal immigration officers, including information regarding an alien's incarceration status and release date and time. The Department has also determined that New York would need to certify that it has communicated this interpretation to its officers and employees. If New York cannot provide this certification, the Department has determined that this provision violates section 1373(a).

Your jurisdiction may submit a response to this preliminary assessment, as well as any additional evidence you would like the Department to consider, before it reaches its final determination. Please submit all additional documentation by October 27, 2017. Once the Department has had an opportunity to review your submission, the Department will notify you of its final determination.

This letter reflects the Department's preliminary assessment of your jurisdiction's compliance with 8 U.S.C. § 1373. This letter does not constitute final agency action and nothing in this letter creates any right or benefit enforceable at law against the United States. Additionally, as the United States continues to collect information about your jurisdiction, it reserves the right to identify additional bases of potential violations of 8 U.S.C. § 1373.

Sincerely,

Alan R. Hanson

Alan Hanson
Acting Assistant Attorney General