# MEMO ENDORSED

Towaki Komatsu
802 Fairmount Pl. Apt. 4B
Bronx, NY 10460
Tel: 718-450-6951
E-mail: Towaki_Komatsu@yahoo.com

April 19, 2019

Hon. Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

    Re:    City of New York v. Whitaker
              No. 18-cv-6474 (ER)

RECEIVED
SDNY PRO SE OFFICE
2019 APR 19 PM 1:49

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: April 29, 2019

The application is ___ granted
                    X   denied

_/s/ Edgardo Ramos_
Edgardo Ramos, U.S.D.J.
Dated: April 29, 2019
New York, New York 10007

Dear Judge Ramos,

My name is Towaki Komatsu. I'm filing this letter pursuant to the following remarks that United States District Judge William Pauley expressed about permissive intervention between pages 2 and 3 in docket entry 49 in the case of *United States of America v. New York City Housing Authority,* No. 18-cv-5213, (WHP) (S.D.N.Y. September 13, 2018) to request authorization to intervene as an interested party in the case of *City of New York v. Whitaker,* No. 18-cv-6474 (ER) to which you are the assigned judge:

> "To intervene of right under Rule 24(a)(2), a proposed intervenor must (1) file a timely motion; (2) "assert[] an interest relating to the property or transaction that is the subject of the action"; (3) demonstrate that "without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) show that its "interest is not adequately represented by the other parties.""

The case in which I seek to intervene concerns an effort by the City of New York to receive federal funding to support the NYPD's operations. In papers that the City of New York has filed in this case, it has asserted fraudulent claims that New Yorkers feel safe and comfortable while interacting with the NYPD and that crime in New York City has fallen. I know otherwise from

firsthand experience with the NYPD. As an interested party in this case, I dislike both sides immensely. Members of the NYPD have been committing illegal acts against me since 2017 with respect to public forums that New York City Mayor Bill de Blasio has held by having illegally prevented me from attending those public forums as I sought to engage in protected whistleblowing against the Mayor and others during them partly in relation to active litigation that I commenced against the New York City Human Resources Administration in January of 2017 that preceded those illegal acts at public forums. That practice most recently occurred on 3/18/19 during a public hearing that the Mayor held in the Blue Room in New York City Hall. Back on 3/18/19 and on earlier dates, those unlawful acts that violated my First, Fourth, Fifth, and Fourteenth Amendment rights, my rights pursuant to New York State's Open Meetings Law, and federal and New York State criminal statutes that include 18 U.S.C. §245(b)(5) and NYPL §175.25 were recorded on video and witnessed by others. Following face-to-face conversations that I had with NYPD Commissioner James O'Neil in June of 2017 and on 2/23/18 that were recorded on audio and video as well as face-to-face conversation that I had with the Mayor on 7/18/17 and 3/18/19, it was entirely clear that both of them illegally condoned the practice that caused me to have been illegally prevented from attending public forums that the Mayor held on and after 4/27/17. Due to illegal acts that were perpetrated against me on 4/27/17 in regards to the public town hall meeting that the Mayor held in Queens on that date by Defendant Howard Redmond in his official capacity as the head of the Mayor's NYPD security detail as well as related illegal acts that other members of the NYPD, members of the Mayor's office, and court officers assigned to the Bronx Supreme Court committed against me on 5/23/17 in regards to the public resource fair meeting that the Mayor held in the Bronx Supreme Court, I have a federal lawsuit to address that. The short caption of that lawsuit is *Komatsu v. City of New York* and its

case number is 18-cv-3698. It is assigned to federal judge Lorna Schofield. On 12/14/17, I testified in New York City Hall to New York City Councilmembers Corey Johnson and Vanessa Gibson against the NYPD during a public hearing that its Committee on Public Safety held that the New York City Council recorded on video. 12 days later on 12/26/17, NYPD Officers Saquoi Harris (badge #: 2350) and Steven Perez (badge #: 23485) illegally stopped, seized, assaulted, harassed, injured, and arrested me while I was walking in a public area near where I reside and conducting myself lawfully. On 3/26/18, the NYPD's Internal Affairs Bureau sent me a notice in which it expressed that it substantiated claims that I asserted against Mr. Harris, Mr. Perez, and other members of the NYPD in regards to my interactions with them on 12/26/17. In spite of that and in spite of the fact that a charge of trespassing that was fraudulently filed against me on 12/26/17 was voided, I continue to have to contend with the entirely frivolous criminal prosecution of me that is assigned the case number of 2017BX048917 and assigned to the Bronx Criminal Court.

The filing that I filed on 7/20/18 in my federal lawsuit against the City of New York that is assigned the case number of 18-cv-3698 confirms that I clearly reported to Judge Schofield that I was being illegally assaulted and stalked by federal court security officers in the Daniel Patrick Moynihan and Thurgood Marshall federal courthouses. Back then, I clearly sought for her to intervene on my behalf to immediately end that abuse by issuing an order for that purpose. Instead, she ignored that request and assigned it to Magistrate Judge Gabriel Gorenstein. On 8/6/18, he issued an order in that case in which remarks that he expressed on the last page of that order were clearly indicative of ignorance, prejudice, and bias in favor of federal court security personnel. On 8/7/18, a video recording that was recorded by a security camera controlled by the

U.S. Marshals Service recorded federal court security officer ("CSO") Ralph Morales flagrantly stalking and harassing me while he was off-duty and the presence of two male CSOs who were then on-duty as such and whose last names are Lisa and Foley. That occurred on the first floor of the Daniel Patrick Moynihan federal courthouse. Mr. Lisa was then serving as an escort for me because members of the U.S. Marshals Service that include Jason Brasgalla and Brian McHugh whom I had previously met on the 4th floor in that courthouse and reported valid complaints to against the CSOs decided to carry out an illegal vendetta against me in retaliation for those valid complaints. On 8/8/18, Mr. Morales assaulted me while he was off-duty in the same area of that courthouse where he put one of his fingers within less than 4 inches of my face on 8/7/18 while he was in Mr. Foley's presence. Mr. Morales assaulted me on 8/8/18 by striking me on my throat with one of his hands and tackling me without provocation. He did so then in the presence of an Asian CSO whose last name is something like Lui by the elevators near the court clerk's office. Mr. Morales and Mr. Lui then immediately lied by fraudulently claiming that I attempted to assault Mr. Morales, who is much bigger than me. All of that happened because of the illegal vendetta by the U.S. Marshals and CSOs against me. That occurred after CSOs were recorded on video on and after 2/28/18 assaulting me in the Daniel Patrick Moynihan federal courthouse while my hands were down and while I was conducting myself lawfully. Mr. Morales previously assaulted me in that courthouse in March of 2018. After that occurred, I filed letters with that courthouse that were addressed to Chief Judge McMahon in March of 2018 to intervene. She instead negligently chose not to. I made a similar request to Judge Gregory Woods. He refused to intervene as well.

In closing, though a federal criminal prosecution was commenced against me on 8/8/18 due to fraudulent claims made against me by Mr. Morales and others, the prosecution in that case has substantially voided the charges and otherwise reduced them from what they were originally. The original charges carried a maximum penalty of one year in jail. The current charges carry a maximum penalty of 30 days in jail. On 4/10/19, I attended a court hearing in that case that was transferred from the Southern District of New York to the Eastern District of New York by Magistrate Judge James Cott. He transferred it because he determined that there was sufficient reason to believe that the federal judges assigned to the Daniel Patrick Moynihan and Thurgood Marshall federal courthouses in Manhattan could not be unbiased toward me because of how closely they interact with CSOs and members of the U.S. Marshals Service. That case is presently assigned to Magistrate Judge Steven Tiscione. That case number is 1:18-cr-00651.

Attached is a copy of the notice dated 3/26/18 that I received from the NYPD's Internal Affairs Bureau that I discussed above. Also, what follows that is a pertinent excerpt from a report that I received indirectly from the U.S. Attorney's office for the Southern District of New York in response to my having been illegally arrested on 8/8/18 and subjected to a fraudulent criminal prosecution due to Mr. Morales' lies about me. Although I have redacted irrelevant information from that excerpt, it confirms that the fraudulent trespassing charge that I discussed above and was filed against me on 12/26/17 was voided.

Regards,

Towaki Komatsu



**POLICE DEPARTMENT**
Commanding Officer
Bronx Investigations Unit
450 Cross Bronx Expressway
Bronx, NY 10457

March 26, 2018

Dear Mr. Komatsu

Your complaint made to this Bureau on 01/08/2018, Log #2018-1083, which related to an allegation(s) that occurred on 12/26/2017, involving a member(s) of the New York City Police Department was investigated by this unit.

Pertinent records were reviewed, necessary interviews and conferrals were held, and a full investigation into your allegation(s) was conducted.

Investigation reveled that the allegation(s) made against a member(s) of this Department is PARTIALLY SUBSTANTIATED/SUBSTANTIATED.

Complaints of misconduct and corruption are of a great and immediate concern to this Department. Your interest in this matter and reporting of this incident is greatly appreciated.

If you have any further questions concerning this investigation, you may contact this office at 718-299-4999.

Sincerely,

Steve Ortiz
Sergeant

 

# TOWAKI KOMATSU
# RTCC SUMMARY

## ARRESTS

| Date | Law Code | Sealed or Voided | Precinct | Arrest Number (Includes Check Digit) |
|---|---|---|---|---|
| 12/26/2017 | ASLT:POLICE OFF/FIREMAN/EMT<br>RESISTING ARREST<br>OBSTRUCT GOVERNMENTL ADMIN-2ND<br>CRIMINAL TRESPASS-3RD | Voided | 048 | B17664729-Z |
| 12/26/2017 | RESISTING ARREST<br>OBSTRUCT GOVERNMENTL ADMIN-2ND<br>DIS/CON:FIGHT/VIOLENT BEHAVIOR<br>HARASSMENT-2ND | NO | 048 | B17664760-K |

## CJA INTERVIEW

| Date | Charge | Precinct Number |
|---|---|---|
| 12/27/2017 | RESIST ARREST<br>OBS GOVT ADMN 2<br>DISORD CONDUCT<br>HARASSMENT 2ND | 048 |