

**MEMO ENDORSED**

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF SOCIAL JUSTICE
CIVIL RIGHTS BUREAU

**VIA CM/ECF**
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, NY 10007

The parties' request to stay the case for thirty days is granted.

It is SO ORDERED.

Edgardo Ramos, U.S.D.J
Dated: 3/19/2021
New York, New York

Re:     ***New York, et al. v. U.S. Department of Justice, et al.,* 18-cv-6471 (ER) (SDA)**
        ***City of New York v. Jefferson B. Sessions III, et al.*, 18-cv-6474 (ER) (SDA)**
        Joint Motion to Hold Proceedings in Abeyance

Dear Judge Ramos:

        All parties write jointly to move that the Court hold these matters in abeyance for 30 days following the expected issuance of a mandate by the Second Circuit in this case.

        This litigation challenges grant conditions imposed in connection with Edward Byrne Memorial Justice Assistance Grant ("Byrne JAG") funding for Fiscal Years 2017,[1] 2018,[2] 2019,[3] and 2020.[4] On November 30, 2018, this Court entered partial summary judgment for the Plaintiffs on their challenge to the 2017 conditions.[5] The Plaintiff States then conditionally accepted their 2017 Byrne JAG funding without agreeing to the challenged conditions. Defendants appealed to the Second Circuit.[6] Pending the appeal, several State Plaintiffs elected

---

[1] For a description of the challenged conditions for fiscal year 2017, *see New York v. Dep't of Justice*, 343 F. Supp. 3d 213, 221-23 (S.D.N.Y. 2018).

[2] For a description of additional challenged conditions imposed in fiscal year 2018, *see* State and City Pls.' Local Rule 56.1 Statement of Undisputed Material Facts ¶¶ 215-244, *New York v. Dep't of Justice*, 18-cv-06471-ER, ECF No. 143-1 ¶¶ 215-244 (S.D.N.Y. 2018).

[3] For fiscal year 2019, the United States Department of Justice ("DOJ") imposed immigration-related funding conditions identical to those imposed in 2018. *See generally* Bureau of Justice Assistance ("BJA") Fiscal Year 2019 Byrne JAG State Solicitation at 25-26, 30, https://bja.ojp.gov/funding/opportunities/bja-2019-15142.

[4] For fiscal year 2020, DOJ imposed immigration-related funding conditions identical to those imposed in 2018. *See generally* BJA Fiscal Year 2020 Byrne JAG Program State Solicitation at 12, https://bja.ojp.gov/funding/opportunities/bja-2020-17277.

[5] *New York v. Dep't of Justice*, 343 F. Supp. 3d 213 (S.D.N.Y. 2018).

to delay spending all of the 2017 funds received pursuant to a spending deadline extension granted by the Bureau of Justice Assistance. Defendants and State Plaintiffs also agreed that Byrne JAG funding from 2018, 2019, and 2020 "shall not be disburse[d], expend[ed], or revert[ed] to the Treasury" for the duration of the pertinent stipulations,[7] which still remain in effect. Briefing on the parties' cross-motions for partial summary judgment regarding the 2018 disputed conditions was complete on May 17, 2019, and the matter remains pending before this Court.[8]

On February 26, 2020, this Court's grant of partial summary judgment on the 2017 conditions[9] was reversed by the Second Circuit.[10] The Second Circuit denied a petition for rehearing *en banc* on July 13, 2020.[11] On July 20, 2020, the Second Circuit entered a stay of its mandate pending Plaintiffs' filing of a writ of certiorari, and the Supreme Court's determination of any such petition.[12] Plaintiffs filed petitions for writs of certiorari with the Supreme Court on December 7, 2020.[13]

A new federal administration took office on January 20, 2021. The parties stipulated to dismissal of the petitions for writs of certiorari on March 4, 2021, which were dismissed on that date.[14] On March 9, 2021, the Second Circuit issued an order directing the parties to show cause by March 19, 2021, as to why the mandate should not issue.[15] The parties will be filing a joint letter in the Second Circuit on or before March 19, 2021, advising the Second Circuit that they plan to jointly move in this Court for an abeyance of the proceedings in this Court, and that they therefore see no reason why the mandate should not issue.

Accordingly, the parties jointly request that this matter be held in abeyance for thirty days following issuance of the Second Circuit's mandate. This Court "has broad discretion to stay

---

[6] Plaintiff City of New York accepted its funding for fiscal years 2017, 2018, 2019, and 2020 pursuant to an injunction issued in the Northern District of Illinois in a case brought by the United States Conference of Mayors. *City of Evanston & Conference of Mayors v. Sessions*, 18-cv-4853 (N.D. Ill. 2018).

[7] *See* Stipulations (Byrne JAG Fiscal Years 2018, 2019, and 2020), *New York v. U.S. Dep't of Justice*, 18-cv-06471, ECF No. 105 at 2, ECF No. 159 at 2, ECF No. 176 at 2 (S.D.N.Y.).

[8] Docket, *New York v. Dep't of Justice*, 18-cv-06471-ER, ECF Nos. 132-144 (Pls.' Mot. for Partial Summ. J.); ECF Nos. 146, 151-153 (Defs' Mot. to Dismiss or Alternatively for Partial Summary J.); ECF No. 154 (Plaintiffs' Opp. to Defs' Motion to Dismiss or Alternatively for Partial Summ. J.); and ECF No. 157 (Defs' Reply in Further Supp. of Mot. to Dismiss or Alternatively for Partial Summ. J.) (S.D.N.Y. 2018).

[9] *New York v. Dep't of Justice*, 343 F. Supp. 3d 213 (S.D.N.Y. 2018).

[10] *New York v. Dep't of Justice*, 951 F.3d 84 (2d. Cir. 2020).

[11] *New York v. Dep't of Justice*, 964 F.3d 150 (2d. Cir. 2020).

[12] *See Order, New York v. Dep't of Justice,* 19-267, ECF No. 312 (2d. Cir. Jul. 20, 2020); Mot. Order, *New York v. Dep't of Justice,* 19-267, ECF No. 322 (2d. Cir. Oct. 9, 2020).

[13] *See* Petition by State Plaintiffs-Appellees, *New York v. Dep't of Justice,* 20-795 (U.S. Supreme Court, Dec. 7, 2020).

[14] *See* Joint Stipulation to Dismiss, *New York v. Dep't of Justice,* 20-795 (U.S. Mar. 4 2020); Dismissal of Petition, *New York v. Dep't of Justice,* 20-795 (U.S. Mar. 4 2020).

[15] Or. to Show Cause, *New York v. Dep't of Justice,* 19-267, ECF No. 324 (2d. Cir. Mar. 9, 2020).

proceedings as an incident to its power to control its own docket."[16] Providing the United States Department of Justice additional time to conclude its review of the grant conditions at issue in these proceedings will maintain the status quo and conserve both this Court's and parties' resources.[17]

Respectfully submitted,

/s/ Charles E.T. Roberts
Charles E.T. Roberts
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Charles.E.Roberts@usdoj.gov
Phone: (202) 305-8628
*Counsel for Defendants*

/s/ Nancy Trasande
Nancy Trasande
Assistant Attorney General, Civil Rights Bureau
New York State Office of the Attorney General
28 Liberty St., 20th Floor
New York, NY 10005
Nancy.Trasande@ag.ny.gov
Phone: (212) 416-8905
*Counsel for State Plaintiffs*

/s/ Sabita Krishnan
Sabita Krishnan
Corporation Counsel of the City of New York
100 Church Street, Room 6-188
New York, NY 10007
Phone: (212) 442-0588
skrishna@law.nyc.gov
*Counsel for Plaintiff the City of New York*

---

[16] *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 316 (2d Cir. 1998) (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)); *see also Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936).

[17] *See LaSala v. Needham & Co*., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (noting that a court is firmly within its discretion, in the interest of judicial economy, to enter a stay pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed).